FRANCIS H LEGGETT v. WALLACE LIPPINCOTT.

A recovery of the consideration money and interest in a suit on a covenant in a conveyance that the grantor is the lawful owner of the premises, is a bar to a subsequent suit, based on a covenant of warranty of title contained in same deed.

On error to Burlington Circuit.

Argued at February Term, 1888, before BEASLEY, CHIEF JUSTICE, and Justices MAGIE and GARRISON.

For the plaintiff in error, *Walter A. Barrows.*

For the defendant, *Charles E. Hendrickson.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. The question to be decided arises on a demurrer to a plea.

The action was for breach of warranty of certain lands. The declaration shows an eviction under a paramount title.

The plea sets up a recovery of consideration money, interest and costs in a former action founded on the covenant contained in the deed of conveyance now in question—that the

defendant in the court below was not "the true, lawful and right owner of these premises."

The Circuit Court sustained this plea, and there appears to be no reason why this court should not concur in this view.

It is obvious that the plaintiff in the suit has already recovered all that he is entitled to for the breach of any or all of the covenants whose office was to secure to him a valid title to this property. It is the established rule in this state, that all that a grantee, under ordinary circumstances, can recover on the failure of a warranted title, is the purchase money, with interest and costs. It is not necessary to refer to decisions in support of so plain a matter.

The contention of the counsel of the complainant is that since the former suit he has been evicted and put to expense, and that, although he cannot again demand the purchase money, he has a right to compensation for the injury and loss thus sustained.

But this position, in view of plain legal principles, is entirely illogical. Its fallacy is that it takes no account of the force of the former judgment. By that judgment it was conclusively established that the plaintiff had no title to these premises, so that if he afterwards retained them in possession he committed a manifest wrong, the ill effects of which he cannot now cast upon another. When he took a judgment against the defendant for the purchase money, he admitted on the record that he had no title to these lands, and it was a tort in him to hold them against the real owner, and if he suffered the costs of being ousted he has no one to complain of but himself. By taking his first judgment and raising under it the consideration money and interest, the plaintiff parted with all interest in the premises; so much so, that afterwards the defendant could have maintained an ejectment against him in the face of his own deed, for he could show by a judgment of record that such deed had been conclusively declared to be inoperative and void. 2 *Wash. R. P.* 675.

With respect to the position that it is not clear upon the record that the plaintiff may not have the right to recover

more than he has recovered, inasmuch as the warranty may have been made in fraud, the answer is two-fold. In the first place, no fraud is alleged in the declaration, and in the second place, if there was fraud in the covenant now sued on, the other covenant was subject to the same taint, and if larger damages on this account were recoverable, they should have been embraced in the first suit.

Let the judgment stand affirmed.